**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

OCT 20 2015

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | Nos. 14-10537 |
| Plaintiff - Appellee, | 14-10539 |
| v. | D.C. Nos. 4:14-cr-01082-RM |
| | 4:14-cr-50092-RM |
| CARLOS ENRIQUE VELASQUEZ-REYES, a.k.a. Carlos Enrique Velasquez-Osorio, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Rosemary Marquez, District Judge, Presiding

Submitted October 14, 2015[**]

Before:    SILVERMAN, BYBEE, and WATFORD, Circuit Judges.

In these consolidated appeals, Carlos Enrique Velasquez-Reyes appeals the

24-month sentence imposed following his guilty-plea conviction for reentry of a

removed alien, in violation of 8 U.S.C. § 1326, and the 12-month sentence

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.   *See* Fed. R. App. P. 34(a)(2).

imposed upon revocation of supervised release. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Velasquez-Reyes contends that the district court procedurally erred by failing to consider adequately his argument for a downward variance or departure based on his alleged over-incarceration in a prior case. We review for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and find none. The record reflects that the district court considered Velasquez-Reyes' argument and sufficiently explained the sentence. *See United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc).

Velasquez-Reyes next contends that the sentence is substantively unreasonable in light of the alleged procedural error, the district court's failure to grant his request for a downward departure or variance, and the mitigating factors. The district court did not abuse its discretion in imposing Velasquez-Reyes' sentence. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The sentence is substantively reasonable in light of the applicable 18 U.S.C. § 3553(a) sentencing factors and the totality of the circumstances, including the need for deterrence. *See Gall*, 552 U.S. at 51.

**AFFIRMED.**